The MILLERS MUTUAL FIRE INSURANCE COMPANY OF TEXAS, Appellant,

v.

J. C. SCOTT, Appellee.

No. 762.

Court of Civil Appeals of Texas, Tyler.

Oct. 30, 1975.

Mike Hatchell, Ramey, Flock, Hutchins, Grainger & Jeffus, Tyler, for appellant.

Ken T. Miller, Tyler, for appellee.

McKAY, Justice.

This workmen's compensation case is before us on remand from the Supreme Court of Texas for consideration of appellant's points of error 4 to 7, inclusive. For a more detailed statement of the facts, see our previous opinion in 513 S.W.2d 246 and the opinion of the Supreme Court in 524 S.W. 2d 285.

Appellant, in points 4 and 5, contends that the trial court erred in overruling his amended motion for new trial because the jury's answers to Special Issues Nos. 2 [1] and

1. "Do you find from a preponderance of the evidence that such injury was the result of an accident? 'Accident' means an unde- signed or unexpected occurrence, traceable to a definite time and place. Answer: *We do.*"

3[2] are against the great weight and overwhelming preponderance of the evidence. We agree with this contention.

■ In reviewing the question of whether the jury's answers are against the great weight and preponderance of the evidence, we are required to consider and weigh all of the evidence in the case, including that evidence which supports the verdict and that evidence contrary to the verdict, and to set aside the verdict and remand the cause for a new trial if we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1952). Therefore, a brief review of the evidence is necessary.

■ First, we consider the evidence in support of the jury's finding that appellee was injured while in the course and scope of his employment. There is evidence that appellee attempted to help put out a fire on a fork lift on his employer's premises at approximately 7:30 a. m. on the morning in question before he was scheduled to begin work at 8:00 a. m. There is a total absence of evidence concerning appellee's activities or whereabouts from 8:00 a. m. until midmorning when he was found injured. The only other evidence in the record in support of the jury's answer to Special Issue No. 3 is that appellee was found injured on his employer's premises during working hours in a place that he occasionally had reason to work.

In contrast, there is no direct evidence as to how the appellee was injured and there is no direct evidence as to the cause of his injuries. Further, the record is silent as to whether appellee was working immediately before or at the time of his injury or, indeed, whether appellee did any work for his employer after 8:00 a. m. on the morning of his injury.

Next, we consider the evidence contrary to the jury's finding of course of employment. The evidence shows that appellee's time card was not "punched" on the morning of his injury. There was evidence that the time clock did not always function properly, but there was no evidence the time clock was not working on the day in question. Although contradicted by appellee's witnesses, some witnesses for appellant testified that appellee was intoxicated, while others gave testimony that would indicate that appellee was or had been drinking intoxicants on the morning of his injury. In addition, there was testimony that on at least one previous occasion appellee had been found drunk and asleep in the same general vicinity where his injury occurred. One witness testified that shortly after appellee was found injured, a whiskey bottle was discovered on top of the bales from which appellee allegedly fell. Lastly, the evidence shows that appellee's duties on the job did not normally require him to work in the area where his injury occurred.

In summary, it would appear that the jury's finding of course of employment was based solely on inferences drawn from the circumstantial evidence that appellee was found injured on his employer's premises during working hours in an area where he occasionally worked. In considering whether a verdict is against the great weight and preponderance of the evidence " . . . a verdict resting on circumstantial evidence should afford the court somewhat more freedom to trust its own judgment than one resting on direct evidence." Garwood, *The Question of Insufficient Evidence on Appeal,* 30 Texas L.Rev. 803 (1952). In our opinion, the inference that appellee was in the course of his employment when injured

**2.** "Do you find from a preponderance of the evidence that Plaintiff received such injury in the course of his employment by Block (sic) Metals, Inc.? 'Injury in the course of employment' means any injury having to do with and originating in the work, business, trade or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere. An injury received while the employee is in a state of intoxication is not in the course of employment. Answer: *We do.*"

is too weak to sufficiently support the jury's answer in light of the evidence in the record to the contrary. The jury's answer to Special Issue No. 3 would appear to rest on mere surmise, conjecture, suspicion or sympathy.

When a court of civil appeals finds a jury's verdict to be against the great weight and preponderance of the evidence, the court may remand the case for a new trial ". . . even though the verdict be supported by more than a scintilla of evidence and even though reasonable minds could differ about the conclusion to be drawn from the evidence." See Garwood, supra. In our opinion, the jury's finding that appellee was in the course of his employment is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust despite the existence of some evidence in the record tending to support the jury's answer to Special Issue No. 3.

The preceding discussion also serves as a thorough review of the evidence concerning the jury's answer to Special Issue No. 2 finding that appellee's injury was accidental. In our opinion, the jury's finding that appellee's injury was accidental is also so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust.

In light of our decision, a consideration of appellant's points of error 6 and 7 is unnecessary.

The judgment of the district court is reversed and the cause is remanded to that court for a new trial.

Reversed and remanded.